HENRY F. ATHERTON, JR., & another *vs.* WILLIAM
FITZ GIBBON & another.

Hampden.    May 9, 1963, July 23, 1963. — September 30, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Jurisdiction,* Probate of will, *Executor and Administrator,* Who may be
executor, Administration with the will annexed.

Massachusetts had jurisdiction to probate the will of one who died domi-
ciled here and almost all of whose property was located here, although
the will contained a direction for its probate in the State of New York
and a proceeding for probate thereof had been instituted there.    [386-
387]

Where the will of one who died domiciled in Massachusetts contained a
direction for its probate in the State of New York and executors nomi-
nated in the will instituted a probate proceeding there and at first re-
fused to proceed in Massachusetts, but subsequently, before decree on a
petition filed in Massachusetts for allowance of the will and appoint-
ment of administrators with the will annexed, indicated a willingness to
seek appointment as executors in Massachusetts, a decree of the Probate
Court here allowing the will and appointing administrators with the
will annexed was reversed on appeal by the nominated executors and
the case was remanded to the Probate Court with leave to the nominated
executors to file a petition for probate here and for action thereon.
[387]

PETITION, filed in the Probate Court for the county of
Hampden on May 31, 1962, for proof of the will of Madeline
W. Atherton, late of Hampden, and appointment of ad-
ministrators with the will annexed.

The respondents appealed from a decree by *Smith, J.*

*Claude R. Branch (Richard Wait, John R. Auchter, &
Ethan Allen,* of New York, with him) for the respondents.

*Stephen W. Schupack* for the petitioners.

SPIEGEL, J.    Two of the three coexecutors named in the
will of Madeline W. Atherton appealed from a decree of the
Probate Court for Hampden County allowing an instru-
ment as her last will and testament, and appointing Henry
F. Atherton, Jr., and the Valley Bank and Trust Company,
of Springfield, as administrators with the will annexed of
the estate.

The evidence is not reported. The judge made a report of material facts and, in response to an order of this court, filed a supplemental report. We summarize the facts in these reports. The decedent, late of Hampden, in Hampden County, died on April 28, 1962, leaving as her sole heir at law her son, Henry F. Atherton, Jr., also of Hampden. Her estate was estimated at approximately $900,000 in personalty and $50,000 in real estate. At the time of her death all of the assets were in Hampden County, "with the exception of a few thousand dollars in accumulated credits from a trust established under her late husband's will," which were in the custody of the Morgan Guaranty Trust Company of New York. The will made several specific bequests including $50,000 and real estate to her son. The residue was left in trust, the son to be the sole beneficiary of the net income during his life. In her will the decedent nominated Mr. Fitz Gibbon, an attorney in New York, the Morgan Guaranty Trust Company of New York, and her son as coexecutors and cotrustees. On May 10, 1962, the original will, together with a petition for probate thereof, was filed in the Surrogate's Court for the County of New York, State of New York, by the three designated executors. Shortly thereafter, the decedent's son filed a petition in that court to withdraw his name as a party petitioner in that proceeding. "Some time in June of 1962, the Surrogate's Court acted favorably upon the petition . . . ."

In May of 1962 the son, accompanied by his attorney, held a conference with Mr. Fitz Gibbon in the latter's law office in New York. The son "explained that he was opposed to any probate proceedings in New York because of the tremendous expenses involved there in comparison with the probable expenses in Massachusetts probate proceedings." On May 28, 1962, the Probate Court for Hampden County appointed the son and the Valley Bank and Trust Company, of Springfield, as special administrators of the decedent's estate. "On May 29, 1962, counsel for . . . Atherton offered in writing to both . . . [Mr.] Fitz Gibbon and Morgan Guaranty Trust Company, an opportunity to join in a petition for the probate of the will in Hampden

County, and both of said parties refused to do so until the New York proceedings were determined." Atherton and the Valley Bank and Trust Company, on May 31, 1962, petitioned the Probate Court to allow the will and to appoint them "or some other suitable person" administrators with the will annexed, alleging that the other two nominated executors "refused presently to file the said Will for original probate in the Commonwealth of Massachusetts." On July 23, 1962, a hearing was held on this petition at which the sole issue "was whether or not the said petitioners should be appointed administrators with the will annexed," no objection having been raised "as to the competency of the testatrix, the will or the proper execution thereof." At that time, notwithstanding their prior refusals to act, Mr. Fitz Gibbon and the representative of the New York bank made a motion that they be appointed executors in Massachusetts and "indicated that . . . [they] were willing and prepared to sign a petition to qualify as executors in Massachusetts." This motion was denied.

The judge found the petitioners to be "competent and suitable in every respect." He entered a decree appointing them administrators with the will annexed.

The decedent's will has been reproduced in the record. The ninth clause thereof directs that the will be probated in the Surrogate's Court of the State of New York, County of New York. This clause, more fully set forth in the margin,[1] partially explains the delay in seeking probate of the will in Massachusetts.

---

[1] The ninth article of the will reads in part as follows: "Whereas, the . . . will . . . of my late husband . . . was probated in the Surrogate's Court of . . . New York, and the trusts . . . thereunder are New York trusts which will continue after . . . my death, with my son . . . the income beneficiary thereof for . . . his life, and whereas my son will be the life income beneficiary of the trust created under my Will, and whereas the GUARANTY TRUST COMPANY OF NEW YORK . . . will, upon my death, become a successor Executor and Trustee under the Will of my late husband, as well as a co-Executor and co-Trustee under my Will. I believe that the administration of both estates should be governed, regulated and construed under the same laws. To that end, I . . . direct that my Will shall be probated in the Surrogate's Court of the State of New York, County of New York, and that the administration of my estate and the dispositions thereunder shall in all respects be governed, regulated and construed by and in accordance with the laws of . . . New York, and that the trusts created under my said Will shall be New York trusts, and that the same shall be administered and in all respects governed, regulated and construed by and in accordance with the Laws of . . . New York."

The decedent was domiciled in Massachusetts and all of her real estate and almost all of her personal property were located in Massachusetts. Upon such facts Massachusetts has jurisdiction to probate her will, G. L. c. 215, § 3, *Rackemann* v. *Taylor,* 204 Mass. 394, 397, irrespective of whether primary probate would also have been proper in New York. Indeed, it is clear from the supplemental report of material facts that no one is now opposing admission of the will to probate in Massachusetts. The issue then is whether administrators with the will annexed should be appointed, pursuant to G. L. c. 193, § 7, in lieu of the executors nominated in the will. General Laws c. 193, § 7, provides, in part: ''If no executor is named in a will, or if all the executors therein named are dead or incompetent or refuse to accept the trust, or if, after being duly cited therefor, the executor neglects to accept the trust, . . . the court shall commit administration of the estate, with the will annexed, to any person interested in the will of said deceased . . . .'' In view of the ninth clause of the will we do not think that the delay on the part of two of the nominated executors in seeking to probate the will in Massachusetts is tantamount to a refusal to accept the trust, particularly when it appears that they had expressly sought to be appointed executors in Massachusetts prior to the entry of the decree. As the nominated executors are not dead and cannot be said to have refused to accept the trust, the executors nominated in the will should be appointed executors unless, upon further proceedings, they are found unsuitable or refuse to apply for probate in Massachusetts. See *Grossman* v. *Grossman,* 343 Mass. 565, 568. They are given leave to file, within twenty days after rescript, a petition for probate of the will in Massachusetts.

The decree is reversed and the case is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*